IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA HURD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3461-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Barbara Hurd seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on October 19, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision as well as evidence that supports it. As long as
> substantial evidence in the record supports the Commissioner's decision, we may
> not reverse it because substantial evidence exists in the record that would have
> supported a contrary outcome or because we would have decided the case
> differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on October 19, 2012, this Court finds this case must be remanded to the Commissioner for further development of the record. Remand is necessary to cure the lack of medical evidence in the record to support the decision of the Administrative Law Judge (ALJ).

Specifically, this Court finds the ALJ erred in discounting the medical source report (MSR) of Hurd's treating physician. A treating physician's opinion is generally entitled to substantial weight. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010). However, an ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ failed to adequately explain why the opinion of Hurd's treating physician, Dr.

Tenorio, was discounted. When an ALJ determines that a treating physician's opinion should be discounted, he should give good reasons for doing so. See Brown, at 951-52.

Further, the controlling weight given by the ALJ to the one-time consultative examiner was error. Although the ALJ may credit other medical evaluations over that of the treating physician, such decision must be supported by evidence showing that the other medical assessments are supported by better or more thorough evidence. Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009). See also Wagner v. Astrue, 499 F.3d 842, 848-49 (8th Cir. 2007) (discussing weight given to opinions of consultative physicians). Here, the controlling weight given to the opinion of the one-time consultative examiner, who did not review Hurd's medical records, is not an assessment supported by better or more thorough evidence.

Therefore, this Court finds the administrative record in this case is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Specifically, this Court finds there is not substantial evidence in the record to support the ALJ's discounting of Dr. Tenorio's MSR or the ALJ's RFC determination. The ALJ has the duty to fully develop the record on crucial issues such as this. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). This case should, therefore, be remanded. Upon remand, the ALJ is directed to further develop the record to include additional consideration and evaluation of the opinion received from treating physician Dr. Tenorio and an additional consultative medical examination by a proper qualified examiner. The consultative examiner should be given the opportunity to review plaintiff's medical records prior to such examination. The examination should include a full assessment of Hurd's medical conditions and the extent to which her medical conditions limit her physical capabilities to work. An MSR should be completed and submitted for consideration by the ALJ.

IT IS, THEFORE, ORDERED that the decision of the Commissioner is reversed, and this case is remanded to the Commissioner under Sentence 4 for proper consideration, with directive to further develop the record as set forth herein.

Dated this 22nd day of October, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge